UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14064-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW EUGENE CLARK,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSIONS TO VIOLATION NUMBERS 1, 2, 5, 6, 8, 11, 12, 13, 14, 15, and 16

    **THIS CAUSE** came before me on April 8, 2022. Having conducted a hearing, I recommend as follows:

    1.    A Petition for Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on March 30, 2022. DE 81.

    2.    The Defendant admitted Violation Numbers 1, 2, 5, 6, 8, 11, 12, 13, 14, 15, and 16 as set forth in the Petition. The Government agreed to move for the dismissal of Violation Numbers 3, 4, 7, 9, and 10 at the time of sentencing.

    3.    The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

    4.    I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 1, 2, 5, 6, 8, 11, 12, 13,

14, 15, and 16 are accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

5. The Government proffered a factual basis for the Defendant's admissions to Violation Numbers 1, 2, 5, 11, 12, 14, 15, and 16. The Defendant agreed that the facts proffered by the Government in relation to Violation Numbers 1, 2, 5, 11, 12, 14, 15, and 16 were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer for Violation Numbers 1, 2, 5, 11, 12, 14, 15, and 16, I find that it establishes a sufficient factual basis to support the Defendant's admissions to these violations.

6. Regarding Violation Numbers 6, 8, and 13, which relate to the Defendant having contact with minors, the Defendant did not agree to some of the details proffered by the Government. The Defendant agreed only to the following facts for these violations: "On multiple occasions between March 1 and March 20, 2022, the Defendant had contact with children/minor(s) under the age of 18 at Stonecrop Park in Sebastian, Florida; on or about March 21, 2022, the Defendant had contact with children/minor(s) under the age of 18 at Stonecrop Park in Sebastian, Florida; and on March 23, 2022, the Defendant was questioned regarding any recent contact with minors [and] initially denied having any contact with minors, when in fact, he would later admit to the probation officer that he had contact with minors at Stonecrop Park in Sebastian, Florida." DE 81 at 4-5. For Violation Numbers 6, 8, and 13, I have considered only the limited facts admitted by the Defendant. I find these limited facts to establish a sufficient factual basis for Violation Numbers 6, 8, and 13.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his

supervised release as set forth in Violation Numbers 1, 2, 5, 6, 8, 11, 12, 13, 14, 15, and 16, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 14th day of April, 2022.

SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE